FILED
2025 DEC 30 09:59 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 25-2-39388-7 SEA

THE HONORABLE _____

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | |
|---|---|
| MULTICARE HEALTH SYSTEM,<br><br>Plaintiff,<br><br>v.<br><br>OPTUM, INC.; CHANGE HEALTHCARE TECHNOLOGY ENABLED SERVICES, LLC,<br><br>Defendants. | No. _____<br><br>COMPLAINT |

Plaintiff MultiCare Health System ("MultiCare"), by and through its attorneys, brings this complaint against Defendants Optum, Inc. ("Optum") and Change Healthcare Technology Enabled Services, LLC ("Change") and alleges as follows:

## NATURE OF THE ACTION

1. This action arises out of Change's failure to do work it was contractually obligated to do—which in turn caused MultiCare to lose more than a million dollars to which it was entitled.

2. MultiCare is a locally governed, not-for-profit health system dedicated to serving communities across the Pacific Northwest through comprehensive care. It operates

COMPLAINT – 1

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

more than 300 primary, urgent, pediatric, and specialty care locations across Washington, Idaho, and Oregon, as well as 13 hospitals. Like many other health systems, clinics, and providers, MultiCare contracted with Change—now owned by Optum—to assist with billing and reimbursement. Change provides revenue and payment-cycle management services, effectively serving as an intermediary between MultiCare and its patients' insurers and other payors. MultiCare would provide billing information to Change, which would in turn liaise with insurers to secure reimbursement for MultiCare's services. Change would take a percentage of payors' reimbursements to MultiCare for the services rendered as payment for this assistance.

3. But Change repeatedly dropped the ball. Beginning in 2023, MultiCare contacted Change to discuss persistent issues with the timeliness and accuracy of Change's billing services. By early 2024, Change had failed to timely submit or process approximately $1.6 million in claims, half of which had passed their required claim-submission windows and could no longer be recovered. Though Change repeatedly assured MultiCare it would address these shortcomings, it never did, leading MultiCare to submit a formal notice of breach on August 22, 2024. Following a ninety-day wind-down period, at least $1.2 million in claims remained outstanding, and MultiCare was left with no ability to recover this money or mitigate its losses.

4. Given Change's failure to timely perform and remedy its contractual failings and Optum's persistent refusal to provide compensation, MultiCare is left with no recourse but to commence this action and recover its damages and interest.

**PARTIES**

5. Plaintiff MultiCare Health System is a not-for-profit healthcare organization based in Tacoma, Washington.

COMPLAINT – 2

6. Defendant Optum, Inc. is a healthcare company based in Eden Prairie, Minnesota. It acquired Change in 2022 and conducts business in Washington.

7. Defendant Change Healthcare Technology Enabled Services, LLC is a healthcare company based in Eden Prairie, Minnesota. It conducts business in Washington.

## JURISDICTION AND VENUE

8. The Court has subject-matter jurisdiction over this action pursuant to RCW 2.08.010.

9. The Court has personal jurisdiction over Defendants pursuant to RCW 4.28.185(1)(a) because their transaction of business within Washington gave rise to this action.

10. Venue is proper pursuant to RCW 4.12.025(1) because Defendants transact business in King County.

## FACTUAL ALLEGATIONS

I. **MultiCare relied on Change to provide billing and coding services and secure reimbursements.**

11. In December 2015, MultiCare entered into Master Agreement No. MA156953432 (the "Master Agreement") with McKesson Technologies Inc. ("McKesson"), which allowed MultiCare to use McKesson's software for billing and collections. In July 2022—following McKesson's 2017 merger with Change—MultiCare and Change signed Solution Order No. P202310060238 (the "Solution Order") to the Master Agreement, under which Change would provide billing and coding services for MultiCare's anesthesia operations at the MultiCare Capital Medical Center in Olympia.

12. Under the Solution Order, MultiCare would provide Change with details about the services rendered to patients, including the type of service; procedures, supplies, and other

COMPLAINT – 3

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

components of service; patient insurance information and identities of individual providers; and other information needed for Change to select and apply the appropriate procedural and billing codes and associated data for timely generating bills to insurers and patients. Change would then process and post payments for MultiCare received in response to the claims and coordinate benefits paid by multiple payors for each individual service or set of services rendered. In exchange for Change's services, MultiCare agreed to pay Change 4% of the net collections made on accounts receivable.

13. Per applicable insurance-provider contracts and various laws, medical and other healthcare claims must be submitted within a certain time period from the date of service in order to obtain insurance payment. For instance, Washington's Medicaid program requires providers to bill the program within 365 days of the date of service. *See, e.g.*, WAC 182-502-0150(3)(a).

## II. Change failed to provide timely and accurate services.

14. Its obligations notwithstanding, Change consistently failed to provide the required coding and billing services. In late 2023, MultiCare began contacting Change to discuss persistent issues with the timeliness and accuracy of Change's billing services. By early 2024, Change had failed to timely submit or process approximately $1.6 million in claims—half of which had already exceeded the contractually or legally mandated windows for claim submission or payment and thus could no longer be recovered. Although MultiCare received repeated assurances from Change that these issues would be addressed, this did not occur. MultiCare formally notified Change of the breach in a letter dated August 22, 2024.

15. Notably, any opportunity MultiCare might have had to address the outstanding claims on its own to mitigate the damage stemming from Change's breach was stymied by Change's conduct. Change had sole possession of the records needed to submit and process

COMPLAINT – 4

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

claims, but rather than provide those records to MultiCare—which might have given MultiCare the chance to salvage at least some claims—Change instead insistently assured MultiCare that the billing issues would soon be addressed, even when that was untrue (as Change knew or should have known). MultiCare relied on Change's repeated assurances to its detriment.

### III. Change has yet to compensate MultiCare for at least $1.2 million in outstanding claims.

16. MultiCare's notice of breach initiated the Solution Order's "Workout Period," a ninety-day window during which MultiCare ceased submitting new claims while Change continued to provide billing services. By the end of the Workout Period, at least $1.2 million in claims remained outstanding and had not been processed by Change as contractually required.

17. Under the terms of the Solution Order, Change provided MultiCare with a final list of accounts receivable after the Workout Period. But the spreadsheet of outstanding claims MultiCare received could not be used to recreate or submit claims—and, in any event, the vast majority of claims had exceeded the applicable submission window, meaning MultiCare had no ability to mitigate its losses.

18. MultiCare's efforts to resolve these issues through informal dispute resolution have proved unsuccessful, leading to the commencement of this action as contemplated by the Master Agreement.\*

---

\* Notably, among other dispute-resolution provisions, the Master Agreement requires MultiCare to "reimburse [] for all reasonable costs and expenses incurred (including reasonable attorneys' fees) in collecting any undisputed overdue amounts." *See also* RCW 4.84.330 ("In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorneys' fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the

COMPLAINT – 5

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

## FIRST CLAIM FOR RELIEF

### Breach of Contract

19. MultiCare repeats and realleges the above allegations as if fully set forth herein.

20. The Master Agreement and Solution Order are binding and enforceable contracts between MultiCare and Change.

21. MultiCare has complied in full with its obligations under the Master Agreement and Solution Order.

22. Despite MultiCare's repeated notices, inquiries, and warnings, Change failed to provide billing and coding services as contemplated by and required under the Master Agreement and Solution Order.

23. As a direct and proximate result of Change's material breach, MultiCare has suffered damages in an amount to be proved at trial but not less than $1.2 million, plus pre- and post-judgment interest.

## SECOND CLAIM FOR RELIEF

### Breach of the Implied Duty of Good Faith and Fair Dealing

24. MultiCare repeats and realleges the above allegations as if fully set forth herein.

25. There exists in every contract an implied duty of good faith and fair dealing.

26. The Master Agreement and Solution Order are binding and enforceable contracts between MultiCare and Change.

---

parties, the prevailing party, whether he or she is the party specified in the contract or lease or not, shall be entitled to reasonable attorneys' fees in addition to costs and necessary disbursements.").

COMPLAINT – 6

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

27. MultiCare has complied in full with its obligations under the Master Agreement and Solution Order.

28. Despite MultiCare's repeated notices, inquiries, and warnings, Change failed to provide timely and accurate coding and billing services, depriving MultiCare of the benefit of the bargain of the Master Agreement and Solution Order.

29. As a direct and proximate result of Change's material breach, MultiCare has suffered damages in an amount to be proved at trial but not less than $1.2 million, plus pre- and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, MultiCare prays that the Court:

A. Order judgment against Defendants in an amount to be proved at trial but not less than $1.2 million, plus pre- and post-judgment interest as provided by RCW 19.52.010 or as otherwise recoverable at law;

B. Award MultiCare costs of suit and attorneys' fees and expenses pursuant to RCW 4.84.330 or as otherwise recoverable at law; and

C. Issue such other and further relief as the Court deems equitable, just, and proper.

COMPLAINT – 7

Perkins Coie LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Phone: +1.206.359.8000
Fax: +1.206.359.9000

Dated: December 30, 2025

By: *s/ David B. Robbins*
David B. Robbins, WSBA No. 13628
By: *s/ Jonathan P. Hawley*
Jonathan P. Hawley, WSBA No. 56297
**PERKINS COIE LLP**
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: (206) 359-8000
Facsimile: (206) 359-9000
DRobbins@perkinscoie.com
JHawley@perkinscoie.com

*Counsel for Plaintiff*
*MultiCare Health System*

COMPLAINT – 8